**Gevorg BELDIKYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72082.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Decided Sept. 1, 2006.

Gevorg Beldikyan, Valencia, CA, pro se.

CAC-District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Christopher T. Dong, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Gevorg Beldikyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998), and we grant the petition for review and remand.

Substantial evidence does not support the IJ's adverse credibility determination. The IJ failed to identify specific examples of inconsistencies or contradiction in Beldikyan's testimony and the IJ impermissibly speculated when he determined that Beldikyan's testimony was not plausible. *See id.* (explaining that generalized statements that do not identify specific examples of contradiction in the petitioner's testimony prevent the court from conducting a proper review); *Jibril v. Gonzales,* 423 F.3d 1129, 1135–36 (9th Cir.2005) (speculation and conjecture cannot form the basis of an adverse credibility finding). Furthermore, Beldikyan's use of a fraudulent

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

document to enter the United States and his equivocal statements to immigration officials at the time of entry are not legitimate bases for a negative credibility determination. *See Akinmade v. INS,* 196 F.3d 951, 955–56 (9th Cir.1999) (use of false passport and false declaration that petitioner was a Canadian citizen on a visit for pleasure did not support adverse credibility determination).

Because the IJ's reasons for finding that Beldikyan lacked credibility are insufficient, further corroboration was not required. *See Marcos v. Gonzales,* 410 F.3d 1112, 1118 (9th Cir.2005) (if the IJ's proferred reasons for an adverse credibility determination are insufficiently supported, then the applicant is not required to provide corroboration to establish the facts to which he testified).

Accordingly, we remand for the agency to consider whether, accepting Beldikyan's testimony as true, he is eligible for asylum, withholding of removal or protection under the CAT. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.